# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| KIMBERLY TATE,<br><br>                    Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security<br><br>                    Defendant. | 2:16-cv-02386-GMN-VCF<br><br>**REPORT AND RECOMMENDATION**<br><br>MOTION TO REMAND [ECF NO. 18]; CROSS-MOTION TO AFFIRM [ECF NO. 19] |

This matter involves Plaintiff Kimberly Tate's request for a remand of the Administrative Law Judge's ("ALJ") final decision denying her social security benefits. Before the Court are Tate's Motion for Remand (ECF No. 18) and the Acting Commissioner's Cross-Motion to Affirm and Opposition to Plaintiff's Motion for Reversal (ECF Nos. 19). For the reasons stated below, the Court recommends denying Plaintiff's Motion to Remand and granting the Commissioner's Cross-Motion.

## STANDARD OF REVIEW

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. Const. amend. V. Social security Plaintiffs have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). When the Commissioner of Social Security renders a final decision denying a Plaintiff's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g); 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

1

The District Court's review is limited. *See Treichler v. Comm'r of SSA,* 775 F.3d 1090, 1093 (9th Cir. 2014) ("It is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency.") The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Under the "substantial evidence" standard, the Commissioner's decision must be upheld if it is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938) (defining "a mere scintilla" of evidence). If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). The Commissioner's decision will be upheld if it has any support in the record. *See, e.g., Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating the court may not reweigh evidence, try the case de novo, or overturn the Commissioner's decision if the evidence preponderates against it).

## DISCUSSION

The Administrative Law Judge ("ALJ") followed the five-step sequential evaluation process for determining whether an individual is disabled. 20 C.F.R. § 404.1520. The ALJ concluded Plaintiff had not engaged in substantial gainful activity since the alleged onset date of March 15, 2011. (AR[1] at 9). The ALJ found Plaintiff had numerous severe impairments which "significantly limit the ability to perform basic work activities." (*Id.*). These were: disorder of anemia; headaches; depression; and anxiety (20 CFR 404.1520(c) and 416.920(c)). (*Id.*). The ALJ found Plaintiff's impairments did not meet or medically equal the severity of a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1. (*Id* at 13.). The ALJ concluded Plaintiff had the residual functional capacity to perform unskilled, sedentary work with the

---

[1] The Administrative Record ("AR") is found at ECF No. 15-1.

following additional limitations; she can adapt to routine work changes; occasionally interact with supervisors and co-workers; but she would be unable to interact with the general public. (*Id*. at 15).

The ALJ concluded that Plaintiff was not under a disability within the meaning of the Social Security Act from March 15, 2011 through the date of the decision on March 25, 2015. (*Id*. at 20).

Plaintiff challenges the ALJ's conclusions on the ground that the ALJ improperly rejected Plaintiff's testimony. (ECF No. 18). Plaintiff argues that the ALJ failed to provide clear and convincing findings in support of the ALJ's rejection of Plaintiff's testimony. *Id.*

The Commissioner argues the ALJ's decision is supported by substantial evidence. (ECF. 19 at 1). The Commissioner argues the ALJ properly discounted Plaintiff's testimony due to inconsistencies with the medical evidence, Plaintiff's treatment, inconsistencies between activities, and the ALJ properly found that Plaintiff's work activity and receipt of unemployment benefits belied her allegations of disability. (ECF No. 19 at 13).

**Discounting the Plaintiff's Testimony**

The ALJ must evaluate the Plaintiff's testimony using a two-step analysis. *Vasquez v. Astrue,* 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether the Plaintiff presented objective medical evidence of an underlying impingement which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). "Second, if the Plaintiff meets this first test, and there is no evidence of malingering, the ALJ can reject the Plaintiff's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). General findings are inadequate as the ALJ must identify what testimony is not credible and what evidence undermines the Plaintiff's complaints. *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. (AR at 16). However, the ALJ found the Plaintiff's statements concerning

the "intensity, persistence, and limiting effects of these symptoms" to be inconsistent with the medical evidence and other evidence on the record. *Id.* The ALJ discounted Plaintiff's assertions of disabling pain because of inconsistencies with the medical record and inconsistencies with Plaintiff's daily activities. *Id.* at 17. The ALJ therefore provided specific, clear and convincing reasons for discounting Plaintiff's testimony.

### Inconsistencies in Plaintiff's Testimony

The ALJ found Plaintiff's complaints were inconsistent with her daily activities. The ALJ finds that the Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms are not entirely credible. (AR at 16). An ALJ may use daily activities to form the basis of adverse credibility determination when the activities "involv[e] the performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The ALJ may consider any of the Plaintiff's daily activities that "may be seen as inconsistent with the presence of a condition which would preclude all work activity." *Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir. 1990).

The ALJ found Plaintiff's allegations of functional limitations to be inconsistent with her activities of daily living. (AR at 16). In Plaintiff's testimony, she reports that her aunt takes her to the store, takes her shopping, and help her with cooking. (ECF NO. 15-1 at 43).

The ALJ found that contrary to Plaintiff's testimony, "[i]n activities of daily living, the claimant has mild restrictions. The claimant reported in August 2012 that she cared for her son and their household. She prepared meals, did household chores and shopped in stores, by telephone and by computer. In a consultative examination in November 2012, the claimant reported reading news online, watching television and sleeping during the day. She cooked, washed dishes, vacuumed and did laundry. She handled personal care independently." (AR at 16 and ECF No. 15-1 at 270).

Plaintiff states that the ALJ rejected Tate's testimony based on the belief that the testimony is not credible because it lacks support in the objective medical evidence. (ECF NO. 18 at 7).

The Court finds the ALJ provided clear and convincing reasons for discounting Plaintiff's assertions of disabling pain and physical limitations. (AR 16-17). The ALJ noted Plaintiff's complaints headaches and abdominal pain. (AR 16). In reviewing Plaintiff's medical records, the ALJ found no evidence of a heart condition that would result in any physical limitations. (AR 16). Plaintiff's chest x-rays and EKG results throughout the record have been interpreted as normal. (ECF NO. 15-1 at 475 to 492, 502 to 556, 701 to 713).

The ALJ notes that complaints of abdominal pain have been treated on an intermittent basis, generally by emergency department providers. (AR 16). The ALJ found no evidence of etiology or significant limitations due to stomach pain. (ECF NO. 15-1 at 701 to 713). The ALJ found no evidence of recent treatment with infusion or medication for iron-deficiency anemia. (ECF NO. 15-1 at 371 to 375).

Substantial evidence supports the ALJ's assessment of Plaintiff's complaints of headaches. Following emergency room treatment in November 2012, Plaintiff's complaints of headaches were "resolved," and she felt "significantly better with a completely nonfocal neurological exam"; Ketan Patel, M.D., the treating emergency room physician, described Plaintiff as "completely normal" (AR 13, 523-24). Plaintiff admitted at the hearing that her medication was effective in alleviating her headaches (AR 36). *See Warre v. Comm'r of Soc. Sec.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling"); *Celaya v. Halter*, 332 F.3d 1177, 1181 (9th Cir. 2003) (affirming the ALJ's evaluation of the claimant's allegations of pain where the ALJ "reasonably noted" reports that the claimant's pain had "come under control").

Substantial evidence supports the ALJ's assessment of Plaintiff's psychiatric complaints. ALJ noted that the objective clinical findings and treatment records did not support Plaintiff's claims of disabling symptoms and functional limitations (AR 13, 16-18). *See* 20 C.F.R. §§ 404.1529(c)(2),

416.929(c)(2); *Rollins*, 261 F.3d at 857. Specifically, as the ALJ noted, Paul Singh, M.D., Plaintiff's treating physician, did not obtain any "psychological or psychiatric findings" that were consistent with Plaintiff's alleged symptoms (AR 17). In addition, at her November 2012 consultative psychological examination, Plaintiff was "very cooperative and friendly," with normal grooming, speech, and expressive language (AR 17, 462, 464, 466).

The ALJ gave significant weight to Verna Fabella Hicks, Ph.D., who observed that Plaintiff was functioning in the "average range of cognitive ability" and was able to perform serial sevens subtractions, serial threes subtractions, simple math, and alphanumeric counting without difficulty (AR 17, 466). Dr. Fabella-Hicks reported that Plaintiff had sufficient ability to maintain persistence and pace during the consultative examination (AR 466). Dr. Fabella-Hicks also reported that Plaintiff demonstrated "good" abstract reasoning and judgment (AR 465).

The ALJ noted that Plaintiff's treatment records illustrated an improvement in her alleged psychiatric symptoms through outpatient counseling and medication. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); Warre, 439 F.3d at 1006; *see also Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) (the ALJ properly rejected the claimant's testimony where there were reports that the claimant's mental symptoms improved with medication).

Substantial evidence supports the ALJ's findings that Plaintiff's work activity and receipt of unemployment benefits after her alleged onset of disability as a basis for rejecting her claims of disabling symptoms and functional limitations. (AR 17).

Under controlling Ninth Circuit precedent, the receipt of unemployment benefits "can undermine a claimant's alleged inability to work fulltime." *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161-62 (9th Cir. 2008) (*citing Copeland v. Bowen*, 861 F.2d 536, 542 (9th Cir. 1988)). Here, the ALJ noted that Plaintiff received unemployment benefits during the first three quarters of 2012 – a year (and more) after she alleged she was disabled under the Act; as the ALJ stated, Plaintiff, in essence,

admitted that she was "able and willing to work during the time she claims she was disabled" (AR 17, 32, 223-26).

**Conclusion**

The Commissioner did not err in denying Tate's claim.   The Court finds the ALJ applied the correct legal standards and made conclusions supported by substantial evidence when discounting the testimony of Plaintiff Tate.

ACCORDINGLY,

IT IS HEREBY RECOMMENDED that Plaintiff's Motion for Remand is DENIED (ECF No. 18) and the Acting Commissioner's Cross-Motion to Affirm and Opposition to Plaintiff's Motion for Reversal is GRANTED (ECF No. 19).

DATED this 3rd day of January, 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE